NOT FOR PUBLICATION

UNITED STATES BANKRUPTCYCOURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                               :        Chapter 13

In re:                                  :

                                        :        Case No. 05-36349 (cgm)

       RICHARD J. CASTALDO, JR,    :

                       Debtor.      :

----------------------------------------------------------------X

**MEMORANDUM DECISION ON DEBTOR'S MOTION TO
RENEW AND REARGUE OBJECTION TO CLAIM OF SECURED CREDITOR**

**A P P E A R A N C E S :**

Richard J. Castaldo, Jr.
*Debtor, pro se*

Lisa Milas, Esq.
Anne C. Wojewoda, Esq.
Rosicki, Rosicki & Associates, P.C.
*Attorneys for The Bank of New York as Trustee*

**CECELIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE**

       The Debtor, Richard J. Castaldo, filed a 129-page motion to renew and reargue (ECF Docket No. 46; hereafter, the "Reargument Motion") his objection to the proof of claim filed in this case by secured creditor, The Bank of New York as Trustee (hereafter, "BoNY"). The Reargument Motion's full caption is:

> Pro Se/Debtor in Support of a Motion to renew and reargue objection onto proof of claim as reconsideration under additional findings of facts, evidence and law, with exhibits, under FRBP Rules 3001, 3002, 506(d), 3008, 7001, 7012, 7052, 9006, 9014, 9024, onto alleged secured equity interest and fraudulent acts upon Creditor filed opposition papers to original filed objection Notice of Motion by Debtor pursuant to 11 USC § 501 (a) or (b) under § 502 (a), (b) (1), (e) (1) (B), or (C), and (j); and 28 USC § 1738 for expungement of total claim, for that latter is null and void ab initio

BoNY filed a response to the Reargument Motion (ECF Docket No. 50). For the reasons set forth below, and upon the Court's oral ruling at a hearing on December 5, 2006, the relief requested in the Reargument Motion is denied.

## JURISDICTION

This Court has subject matter jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Acting Chief Judge Robert J. Ward dated July 10, 1984. Proceedings regarding the allowance or disallowance of claims against the estate are "core proceedings" under 28 U.S.C. § 157(b)(2)(B).

## BACKGROUND

Debtor filed this Chapter 13 bankruptcy petition on May 16, 2005.[1] Schedule D to the Debtor's bankruptcy petition lists BoNY as a secured creditor with a claim in the amount of $106,483.80, secured by a note and mortgage on a two-family residence in Middletown, New York, including estimated pre-petition mortgage arrears of $36,000. (ECF Docket No. 11).

BoNY, the only creditor to file a proof of claim, asserted a secured interest in the amount of $131,631.33, including $68,328.59 in pre-petition mortgage arrears. On September 19, 2005, BoNY objected to confirmation of the Debtor's Chapter 13 plan on the grounds that the Debtor's proposed plan is insufficient to repay all of the outstanding mortgage arrears (ECF Docket No. 20).

The Debtor originally filed a 29-page objection to BoNY's claim on April 19, 2006 (ECF Docket No. 32; hereafter, the "Original Motion"), and BoNY filed a response

---

[1] Debtor was previously represented by bankruptcy counsel but has proceeded *pro se* since his counsel was relieved by order dated January 13, 2006 (ECF Docket No. 28).

- 2 -

on May 18, 2006 (ECF Docket No. 34).  The facts relevant to the claims objection are as follows:

- On December 30, 1994, the Debtor and Francina J. Castaldo executed an adjustable rate note in the principal amount of $72,000 from a lender identified as "THE MONEY STORE/EMPIRE STATE INC., A NEW YORK CORPORATION" and granted that entity a mortgage secured by the real property in Middletown, New York. ECF Docket No. 34, Exh. A.

- The note and mortgage was assigned to BoNY May 29, 2002 and recorded in New York with the Orange County Clerk on September 19, 2002. ECF Docket No. 34, Exh. E; Debtor's "Response to Settlement Order," ECF Docket No. 38, pages 4-6.  The Debtor refers to this assignment in his pleadings as the "2nd Assignment," which he claims is invalid.  Among other reasons, the Debtor argues that the assignment to BoNY in 2002 is invalid due to a prior assignment to BoNY in 1999 by TMS MORTGAGE INC., DBA THE MONEY STORE, A NEW JERSEY CORPORATION.

- In 1999, a foreclosure action was commenced against Richard J. Castaldo and Francina D. Castaldo in New York State Supreme Court, Orange County.

- BoNY was awarded summary judgment by Justice John K. McGuirk. Justice McGuirk's summary judgment decision stated:

    > In this mortgage foreclosure action, defendants [Richard J. Castaldo and Francina D. Castaldo] claim that plaintiff [BoNY] lacks standing to sue, but on its motion, plaintiff demonstrates that it does.  Moreover, although defendants appear to claim that they are not in default on the note and mortgage, they fail to submit proof of payment.

    ECF Docket No. 34, Exh. B.  Justice McGuirk also denied the Castaldos' motion to renew and reargue their motion to dismiss the complaint, which had been previously denied.

- Mr. Castaldo appealed, and on January 19, 2005, the Appellate Division, Second Department affirmed and noted that BoNY "established its prima facie entitlement to summary judgment and that the defendants failed to present evidence sufficient to raise a triable issue of fact." ECF Docket No. 34, Exh. F.  The Appellate Division also noted that the Castaldos' motion for leave to renew and reargue the motion to dismiss "was, in effect, for leave to reargue their prior motion to dismiss the complaint".

- BoNY obtained a judgment of foreclosure and sale on February 25, 2005 ECF Docket No. 34, Exh. C.

After hearing argument from the Debtor and BoNY at the May 23, 2006 hearing, the Court sustained BoNY's claim and directed counsel for BoNY to settle an order on notice to the Debtor. In the course of this hearing, the Court heard extensive argument from the Debtor that BoNY lacked standing because the so-called "2d assignment" to BoNY was unenforceable. The Court ultimately rejected the argument for two independent reasons. First, the Court found the Debtor's arguments insufficient to overcome the documentary proof submitted by BoNY regarding its standing. Second, the Court was conscious that the Debtor made similar, possibly identical arguments before the state trial and appellate courts as a challenge to BoNY's standing, and those courts ruled in favor of BoNY.

As directed by the Court, BoNY settled the order on June 29, 2006 (ECF Docket No. 37) on notice to the Debtor. The Debtor filed 38 pages of exhibits as an objection to the settled order (ECF Docket No. 38), which resulted in a further hearing on August 8, 2006. On August 21, 2006, the Court signed an order sustaining BoNY's proof of claim in the reduced amount of $60,374.27 (ECF Docket No. 41). Thereafter, the Debtor filed the Reargument Motion.

Confirmation continues to be deferred in this case due to the Debtor's continuing dispute as to BoNY's proof of claim. At the October 24, 2006 confirmation hearing in this case, held after the Reargument Motion was filed but prior to the return date, the Debtor attempted to pay part of the arrears to BoNY with a check marked "paid under protest". At that time, the Court warned the Debtor that if the Reargument Motion presented the same assignment/standing argument that had twice been considered and

rejected by the Court, the Debtor would be required to pay the costs and fees incurred by BoNY in responding a third time.[2]

## DISCUSSION

The Reargument Motion repeatedly raises the assignment argument previously denied by the Court. In the Reargument Motion, the Debtor raises various, alleged technical omissions in the proof of claim. The following argument is typical:

> Dispositive-defective assertion onto absent signatory name, title, and official capacity authorization to act under indorsement without entity identification to file claim as creditor or power to act in behalf of creditor. Further, it appears that said signatory affixation here is that of Jeannine S. Coppeshall of HomEq Servicing Corporation, whom signed alleged 2nd assignment of record for creditor's standing and capacity onto Summary Judgment and Judgment of Foreclosure, but creditor omits attachment of said 2nd assignment and acknowledgement with recordation page from its proof of claim here, as hereinabove described.

Reargument Motion, pg. 9. The identical argument was made at page 7 of Debtor's Original Motion. Debtor's argument in these paragraphs is basically that (1) Ms. Coppeshall (who is apparently known to the Debtor) should have stated her title when

---

[2] Fed. R. Bankr. P. 9011(c) permits a court to impose appropriate sanctions on "attorneys, law firms, or <u>parties</u>" who violate Rule 9011(b). (emphasis added) Rule 9011(b) states:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney <u>or unrepresented party</u> is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, –
>
> (1) it is not being presented for any improper purpose, such as <u>to harass or to cause unnecessary delay or needless increase in the cost of ligiation</u>;
>
> (2) <u>the claims, defenses, and other legal contentions are warranted by existing law</u> or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information and belief.

(emphasis added) Thus, Rule 9011 applies equally to attorneys and to *pro se* parties.

- 5 -

signing the proof of claim, and that the proof of claim is therefore "defective" or perhaps submitted without the knowledge and consent of BoNY, and (2) proof of assignment was not attached to the proof of claim. The quibble over the omission of Ms. Coppeshall's title is a "red herring". After all of the litigation over this proof of claim, there is no doubt that the proof of claim was filed at the behest of BoNY, and the Court has previously reviewed affidavits in support of the claim from a BoNY vice president. BoNY has previously satisfied this Court and the state trial and appellate courts that it holds this claim pursuant to a valid assignment, and for this reason the proof of claim is not defective.

Pursuant to Bankruptcy Code Section 502(a), a proof of claim is deemed allowed unless a party in interest objects to it. Bankruptcy Rule 3001(f) states: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Because a properly filed proof of claim is deemed allowed until objected to:

> Such allowance compels the objecting party to go forward and produce sufficient evidence to rebut the claimant's *prima facie* case. *Simmons v. J.J. Savell* (*In re Simmons* ), 765 F.2d 547, 552 (5th Cir.1985); *Global Western Development Corporation v. Northern Orange County Credit Service, Inc.,* 759 F.2d 724, 727 (9th Cir.1985); *In re Gorgeous Blouse Co., Inc.,* 106 F.Supp. 465 (S.D.N.Y.1952). If the objecting party rebuts the claimant's *prima facie* case, "it is for the claimant to prove his claim, not for the objector to disprove it."

*In re Greene*, 71 B.R. 104, 106 (Bankr. S.D.N.Y. 1987) (Schwartzberg, J.) (quoting *In re Gorgeous Blouse Co., Inc.*).

Here is another typical argument from the Debtor:

> The conduct of HomEq[3] entity onto claim would not be considered in behalf of creditor's absence to timely file perfected proof with supporting documents (allowed & secured) in first instance after claim bar date, nor subsequent amendment to claim after bar date. The alleged claim excites prejudice, unconscionability, is unlawful in the interest of justice, with absence of good faith, and a sham before this Court and Debtor to recognize for its unenforceability and illegitimate bona fides for standing and capacity documentation required by statutes. (State/Federal).

Again, the main focus of the Debtor's argument is a challenge to the assignment, an argument this Court (and two other courts) already rejected, and no new evidence has been presented. Moreover, this identical argument was asserted in the Original Motion at page 7.

The arguments asserted in both the Reargument Motion and the Original Motion consist almost entirely of technicalities, because at no point in either motion does the Debtor deny the subject indebtedness (except to challenge certain costs and fees which the Court considered and reduced at a previous hearing). The bulk of the Debtor's argument is not that he does not owe the debt; rather, the Debtor continues to argue that he does not owe the debt to the particular entity that has filed a proof of claim in the bankruptcy proceeding, which is the same entity that has obtained a judgment of foreclosure and sale in state court. Thus, since at least May 2003 the Debtor has attempted, without sufficient cause, to obfuscate the fundamental fact that he has failed to comply with his obligations under the note and mortgage he executed December 30, 1994.

Although the Debtor claims BoNY's proof of claim "excites prejudice, unconscionability, [and] is unlawful in the interest of justice," BoNY's proof of claim

---

[3] HomEq was formerly known as The Money Store, the original mortgagee.

- 7 -

form does nothing more than attaches an itemization of pre-petition arrears. All BoNY asks is that the Debtor repay the mortgage arrears as part of his Chapter 13 Plan. The Court has given due consideration to Mr. Castaldo and has reduced the arrears claimed by BoNY by nearly $8,000. Nevertheless, Mr. Castaldo refuses to accept the rulings of this Court and continues to repeatedly advance the same threshold argument that BoNY is not the proper creditor.

On page 10, ¶8 of the Reargument Motion, the Debtor purportedly asserts a complaint against BoNY for "Creditor's lack of standing and capacity under Supreme Court adjudication onto unenforceable 1st assignment of record." Debtor makes a similar argument at page 33 of the Reargument Motion where he contends:

> This Court misapprehended, overlooked and erred at hearing 5/23/06; in that a <u>new fact</u> and <u>amended</u> claim proof by 2nd Assignment (alleged) in proffered opposition papers, which circumscribed/circumvented and superseded 1st Assignment, did not latch by chain of title to enjoin, nor in privity onto 1st Assignment; and the Supreme Court orders as Exhibits 2 & 3 in Debtor's objection to claim evidences this fact, 1st Assignment premised invalid and superseded then to the record by 2nd Assignment. However, claimant sets forth now a new 2nd Assignment in fact (assumed) to this Court record as they did in Supreme Court action after 2nd Assignment filed with claim; and without Claimant's valid causation on Debtor motion and without this Court's ruling in first instance after claim bar date.

(emphasis in original). This is a further attempt by the Debtor to reargue the same assignment issue that the Court has already considered and rejected.

The Debtor's arguments are nearly unintelligible. For example, the Debtor states:

> Debtor's collator [sic] attack position to this Court is to nullify creditor's Proof of Claim with bona fides in fact, evidence, and law, including state-federal case laws.
>
> * Secured creditor must demonstrate equity interest under prima facie right to condition precedent as a material issue of fact, evidence and law by its merits for standing and capacity, court jurisdiction onto subject matter, want to jurisdiction of Debtor's under note and mortgage in foreclosure action. This determination onto issue of fact finding is made

> by enforceable perfected assignment through chain of perfected title to equity interest from original mortgagee, which is non-existent in this action, but exclusively rebuked as an issue of irrefutable fact, and as a matter of laws, case laws, under a condition precedent, i.e. the successor by merger (NYSDOS) act under state statute (BCL) to absorbed original mortgagee, but absent in this action by said act; and secondly that 2nd Assignment with acknowledgement is a fraudulent document before the State Court; for which assumed assignee obtained Summary and Foreclosure Judgment orders, and submit same to legitimize its Proof of Claim. Thirdly, the assumed assignee/ creditor did knowingly, willingly and intentionally by deception and concealment obtain standing and Court subject matter and parties jurisdictions upon filing this Assignment fraudulent document to the record; and but for where this assignment is null and void ab initio under state statutorial force. Wherefore this Court must give full faith and credit to state constitution and statutes under law, for that State Court invalidated merger act as condition precedent by statutes under business corporation law and banking law, that should have been addressed after Summary Judgment by 2nd assignment, but were not under Debtor's motion (7/03) to State Court.

Reargument Motion, page 2-3, and so on, for 129 pages. The arguments are clear enough: The Debtor is admittedly attempting a "collateral attack" on the secured creditor by challenging its proof of claim notwithstanding the fact that the Debtor's "assignment/standing" argument has been rejected by two state courts and – now for the third time – by this Court. Such collateral attacks are prohibited by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine bars both direct and collateral attacks on state court final judgments, and for this reason the state and federal claims do not need to be identical in order for the doctrine to apply. Under the doctrine, a federal district court lacks jurisdiction to the extent that the federal claims are "inextricably intertwined" with the state court's determinations. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-84 n. 16, 103 S.Ct. 1301 (1983). The Supreme Court recently held that the *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-1522 (2005). The Court emphasizes that even if the *Rooker-Feldman* doctrine does not apply, this Court's ruling as to BoNY's standing does not rely entirely on the state court determinations. The fact that the state trial and appellate court decisions have considered and rejected similar or identical standing arguments is persuasive to this Court, but independent of the determination that BoNY had standing in those proceedings for the purposes of the foreclosure action, this Court is also satisfied that BoNY has standing in this Court, and is a valid assignee, for the separate purpose of submitting a proof of claim in this bankruptcy proceeding.

The Debtor also makes various claims that the underlying state court judgment was obtained through "fraud". The *Rooker-Feldman* doctrine bars bankruptcy court review of state court judgments even where a party claims that the state court foreclosure judgment was obtained through fraud. *See Drew v. Chase Manhattan Bank,* 1998 WL 430549 at *5 (S.D.N.Y. July 30, 1998) (citing cases). The Debtor explains that the "fraud" he is alleging is attributable to 13 reasons listed at page 59-60 of the Reargument Motion. Five of the reasons rely on the assignment argument, and three others rely on allegations that the previous mortgagee HomEq/The Money Store merged illegally and deceptively, without notice to the Debtor, and Debtor argues that this fact is somehow fatal to BoNY's standing. The remaining five statements are conclusory in fashion. For example, the Debtor alleges:

- An affidavit executed in support of the state court judgment was allegedly without capacity to act "but suborns perjury".

- BoNY's alleged "action in concert with HomEq deprived, and prejudiced Defendants' [sic] and Court's jurisdiction onto subject matter by extrinsic fraud, and both parties knowingly committed champertous conduct."
- BoNY and HomEq are accused of "jointly, knowingly, willingly and intentionally [setting] forth fraudulent documents, and suborned perjury thereon by acts to achieve Summary Judgment, thence foreclosure and sale and by concealment and subterfuge of merger entities from commencement of action, and name change to true successor entity identity during suit."

The Debtor's claim of "fraud" is part and parcel of his invalid assignment/lack of standing argument that was considered by both this Court and the state trial and appellate courts. Other than inflammatory and conclusory statements such as those quoted above, the Debtor has not identified any specific fact that, if true, would lead this Court to believe that BoNY obtained summary judgment or judgment of foreclosure through "concealment and subterfuge," or that the Debtor is otherwise a victim of fraud.

Debtor again claims in the Reargument Motion that certain items are not sufficiently broken down and itemized, including attorney fees, pre-petition escrow advances, pre-petition taxes, inspection fees, appraisal fees and other charges. Reargument Motion, page 11. As noted above, the Court previously went through this exercise and reduced the amount of BoNY's claim, based upon Debtor's similar arguments found in the Original Motion at pages 6-9. The Debtor merely repeats the same arguments in the Reargument Motion without specifying where or how the Court previously erred.

Bankruptcy Code Section 502(j) states: "A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case."

- 11 -

Bankruptcy Rule 3008 states: "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order."

> A bankruptcy court presented with a reconsideration motion is charged with the task of determining whether cause exists for reconsideration of its prior order. While the determination of whether "cause", within the meaning of Section 502(j), is present, "falls upon the equitable judgment of the court and is within the sound discretion of the court", *In re Flagstaff Foodservice Corp.,* 56 B.R. 910, 913 (Bankr.S.D.N.Y.1986) *citing S.E.C. v. S. J. Salmon & Company, Inc.,* 375 F.Supp. 867, 869 (S.D.N.Y.1974), courts generally rely upon the language and interpretation of Federal Rule of Civil Procedure 60(b). *See, e. g., In re Cleanmaster Indus., Inc.,* 106 B.R. 628, 630 (9th Cir. BAP 1989) ("Rule 60 sets forth the standards for reconsideration of claims and helps define 'cause' under § 502(j)"); *In re Resources Reclamation Corp., of America,* 34 B.R. 771 (9th Cir. BAP 1983).

*In re Johansmeyer*, 231 B.R. 467, 470 (E.D.N.Y. 1999).

Federal Rule of Civil Procedure 60(b) (applicable to Bankruptcy Cases through Bankruptcy Rule 9024) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party … from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time …; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment ….

In this case the Court does not believe that the previous ruling was the result of "mistake, inadvertence, surprise or excusable neglect". As noted, no "newly discovered evidence" has been presented upon the Debtor's most recent motion. The Court also finds no evidence of fraud of other misconduct by BoNY. The Court's previous order is not

"void" or "satisfied, released or discharged" for purposes of Rule 60(b)(4) and (5). Finally, the Court finds no other reason justifying relief from the prior order.

The only new argument raised by the Debtor in the Reargument Motion is the claim that he did not receive BoNY's May 18, 2006 response prior to the May 23, 2006 hearing. *See, e.g.*, Reargument Motion, pages, 26-29. We are well beyond Debtor's argument that he was prejudiced because he did not have a copy of BoNY's response on May 23, 2006. The Debtor had a subsequent opportunity to appear and be heard at the August 8, 2006 hearing, prior to entry of the order, and by that time the Debtor had more than two months to review BoNY's response. The Court has heard Mr. Castaldo exhaustively throughout the pendency of this case, and he has had ample opportunity to present his arguments to the Court both prior and subsequent to entry of the August 21, 2006 order. Thus, any prejudice to the Debtor has been cured because the Debtor has had numerous opportunities[4] to respond to BoNY in the succeeding months. Since the May 23, 2006 hearing the Debtor has submitted, and the Court has carefully considered, two additional pleadings exceeding 150 pages, and the Debtor was heard extensively by the Court on at least three occasions.

## CONCLUSION

Because no basis has been provided for disturbing the Court's August 21, 2006 order, the relief requested in the Reargument Motion is denied.

The Court gave the Debtor advance warning that if the Reargument Motion merely rehashed the same arguments previously raised on multiple occasions, he would be subject to costs and attorneys' fees incurred by BoNY. BoNY was required to file a

---

[4] In addition to the hearings on the objection to claim, the Debtor has asserted these arguments at several confirmation hearings. The matters are related because the Debtor's plan cannot be confirmed as long as he continues to dispute the only filed proof of claim.

- 13 -

response to this Motion, but did not urge the Court to award costs and fees. In consideration of the Debtor's one new (untimely) argument that he did not receive responsive papers from BoNY prior to the May 23 hearing, together with the Debtor's *pro se* status, the Court will not assess costs and fees at this time. Should the Debtor attempt to raise the same arguments a fourth time in this Court (whether in this case or a subsequent case), this Court will award appropriate costs and attorneys' fees, and such award may be retroactive.

    The Court will issue a separate order consistent with this written decision and the oral ruling at the December 5, 2006 hearing. The Court advised Mr. Castaldo at the December 5, 2006 hearing that he must file an amended Chapter 13 plan sufficient to cover all pre-petition arrears due to BoNY prior to the adjourned confirmation hearing on December 19, 2006, and his failure to do so will result in dismissal of the case.

Dated: Poughkeepsie, New York
      December 7, 2006        /s/ Cecelia Morris
                                      CECELIA G. MORRIS
                                      UNITED STATES BANKRUPTCY JUDGE